IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| NANETTE E. OLSON, | ) |
| Plaintiff, | ) No. 11cv1041 EJM |
| vs. | ) ORDER |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for social security disability and supplemental security income benefits. The briefing schedule concluded March 28, 2012. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded for further consideration.

Claiming an onset date of March 11, 2007, plaintiff alleges disability due to multiple impairments including degenerative disc and joint disease of the lumbar spine, diabetes, hypothyroidism, hypertension, and depression. She asserts the Administrative Law Judge (ALJ) erred in determining an improper residual functional capacity, failed to give proper weight to the views of a treating physician, an examining physician, and an examining psychologist, failed to evaluate her mental impairments and functional limitations as required by 20 CFR §404.1520a, and improperly discounted her credibility. Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

The ALJ found plaintiff's severe impairments include degenerative disc disease of the lumbar spine; status-post two cervical discectomies, peripheral neuropathy secondary to diabetes mellitus, and obesity, but further found she retained the residual functional capacity to engage in substantial gainful activity.

Upon review, it appears the ALJ properly found plaintiff had a medically determinable mental impairment. T. 12. In his consideration of plaintiff's mental impairment, and in particular, in discounting the views of examining consulting psychologist Dr. Healy, who concluded plaintiff had a moderate impairment in mental functioning, T. 435-438, the ALJ found Dr. Healy's views to be inconsistent with the record as a whole, inconsistent with mental status examination, and inconsistent with reported activities of daily living. T. 17. However, it appears that the ALJ erred in not setting forth the particulars as to how Dr. Healy's views were inconsistent with these matters.

In evaluating the credibility of plaintiff's subjective allegations, the ALJ properly found plaintiff's medically determinable impairments could reasonably be

expected to cause the alleged symptoms, however, the ALJ further found plaintiff's subjective allegations not fully credible in light of plaintiff's caring for her personal needs, making sure her son was picked up by a bus three times weekly, walking two blocks, occasionally shopping, watching television, and maintaining contact with extended family. T. 16. It is the court's view that these limited activities are not inconsistent with plaintiff's subjective allegations. Additionally, while the ALJ concluded the record contains evidence strongly suggesting exaggerated symptoms and limitations, it appears the ALJ did not set forth the particulars of that evidence.

Finally, while the ALJ noted plaintiff reported no lower extremity weakness on several occasions, and thus found treating physician Dr. Yankey's opinion may no longer be justified, upon this record it is the court's view that the ALJ failed to afford adequate weight to the views of Dr. Yankey, including with regard to the permanent work-related restriction, T. 514, as well as examining consultant Dr. Mulderig's view that the weight limit previously imposed by Dr. Yankey was appropriate. T. 456.

Upon the foregoing, it is the court's view that the Commissioner's decision is not supported by substantial evidence on the record as a whole. This matter shall be reversed and remanded for further consideration in accordance herewith.

It is therefore

ORDERED

Reversed and remanded for further consideration.

August 20, 2012.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT